## POLLY FAVOR *versus* JONATHAN PHILBRICK.

A writ of error lies to reverse an order of the court of common pleas arresting judgment in an action.

When any thing is delivered to a carrier to be carried for hire to a particular place, it is to be carried in a reasonable time, unless it be otherwise agreed.

THIS was a writ of error to the court of common pleas. It appeared that the plaintiff in error, brought an action against Philbrick, and alleged in her declaration, " that the said Philbrick, at W. on the 3d February, 1823, in consideration that the plaintiff then and there delivered to the said Philbrick, at his special request, an account which was then lawfully due in favor of the plaintiff, against one Charles Greenfield, of the value of $7,50, to be carried and conveyed by the said Philbrick, from said Windsor to Henniker, to be safely delivered to A. Rogers, and had then and there paid said Philbrick six cents as a reasonable reward for his care and trouble in that behalf, then and there promised the plaintiff to take care of, carry and convey the said account, and deliver the same at said Henniker, accordingly. Yet the said P. not minding his promise, aforesaid, did not take care of, carry, convey, and deliver the said account, in manner aforesaid, but neglected so to do, and by his negligence the said debt was barred by the statute of limitations and wholly lost.

The plaintiff, having obtained a verdict in the court of common pleas upon the said declaration, the court arrested the judgment, and thereupon the plaintiff brought this writ of error to reverse the order of the court below, arresting the judgment.

*C. H. Atherton,* for the defendant in error, contended, that a writ of error did not lie, where judgment was arrested.

He also insisted, that the declaration in this case was in law insufficient, and that judgment had been properly

arrested. He relied upon the following cases to sustain his objections to the declaration. Cro. James, 250, *Tolhurst* v. *Brickenden* ; 4 Pick. 497, *Hemmenway* v. *Hicks* ; 5 D. & E. 409, *Bach* v. *Owen* ; 4 D. & E. 479, *Bishop* v. *Hayward* ; 1 Salkeld, 364, *Courtney* v. *Strong* ; 2 Salkeld, 663, *Prince* v. *Molt* ; 5 Burrows, 2698, *Purday* v. *Stacy* ; 2 L. Ray, 248 ; 1 Bulstrode, 92 and 97 ; Powell on contracts, 180 and 355.

He contended, that no time being stated in the declaration when the account was to be delivered to Rogers, the defendant had his whole life to perform the service, or at least, until requested to perform it. And as no request is laid in the declaration, no cause of action is set forth.

And further he urged, that the account was a mere piece of paper, in itself of no value, and no evidence of a contract, and as it was not alleged that Rogers was an attorney, or retained to bring a suit upon the account, the carrying of the account was an idle and useless act, from the non performance of which no damage could flow.

*B. M. Farley*, for the plaintiff in error, in answer to the objection, that a writ of error did not lie, relied upon the case of *Silas Call* v. *Denison Bowers*, in this court here at October term, 1812, in which a writ of error was sustained upon an order of the court of common pleas, arresting a judgment. He also cited upon this point, 13 Mass. Rep. 265, *Keen* v. *Turner* ; 5 ditto, 193, *John Tappan* v. *M. Bruen* ; 2 ditto, 141, *Bemis* v. *Faxon* ; 4 ditto, 107, *Lanphear* v. *Lamprey*.

In support of the declaration, and in answer to the objection that no time was stated within which the service was to be performed, he argued that there was no condition precedent to be performed by the plaintiff ; that the presence of the plaintiff was not necessary to the performance of the act contracted to be done ; that the account was to be delivered to a third person ; it must

Favor
*v.*
Philbrick.

therefore be intended that the account was to be delivered immediately, that is, within a reasonable time. It is an inference of law from the contract stated that the service should be performed in a reasonable time. He cited on this point the following authorities. American Precedents of Declaration, 81, 170—171 ; 3 Wentworth, 233 ; 2 Chitty's Pl. 111 and 117 ; Coke Litt. 308.

He also insisted, that if there was any defect in the declaration it was cured by the verdict. 1 Saunders, 228, note 1.

In answer to the objection to the declaration, that the contract appeared to be idle and useless, he said that the contract was to do a certain act lawful in itself, and was founded upon a good consideration, and how did it appear, the plaintiff could sustain no damage from the defendant's neglect to perform it ? Was not damage a legal inference from the breach ?

In covenant broken, no actual damage need be shown. To render a contract void on the ground that the performance of it would be idle and useless, it must must appear to be self-evidently useless. Comyn on Contracts, 231—232.

It certainly does not appear in this case, that the delivery of the account to Rogers would have been idle or useless ; for he may have been an attorney retained to collect the debt.

*By the court.* It is objected, in this case, that a writ of error does not lie. We are aware that it has been decided in New-York, that a writ of error will not lie where judgment has been arrested. 19 Johns. 247, *Horne v. Barney* ; 2 Johns. Cases, 215, *Fish v. Weatherwax.*

The reason assigned in New-York, is, that there is no judgment to be affirmed or reversed. But this is a mistake. When judgment is arrested, there is a judgment, that the plaintiff take nothing by his writ. 2 Mass. Rep. 142 ; Rastal's Entries, 106, a. And when such a judgment is entered, where there ought to be judgment on

the verdict, it would be singular if the judgment could not be reversed.

This question was settled in this court, in the case which has been mentioned by counsel, and we have no doubt that it was correctly settled.

But it is further said, on behalf of the defendant in error, that judgment was properly arrested in the court below, the declaration being insufficient. One objection to the declaration, upon which counsel rely, is, that it is not stated when the account was to be delivered to Rogers. But the contract must be understood to have been as stated in the declaration. It was a contract to carry to Rogers, for hire, an account, which was delivered to the defendant for that purpose. Nothing was said as to the time when the account was to be carried. Now it is said that in such a case, the person, who has contracted to carry, has his life time to perform the contract. But the law is not so. What must be the understanding of the parties in such a case ? If a letter is delivered to a person to be carried for hire to a post office, or perishable articles to a carrier to be sold at market, has he, if nothing be said, his life time to perform the contract ? Certainly not.

Such a construction of the contract would be in the highest degree absurd. The common understanding in such a case, is, that the contract is to be immediately performed. In this case, the defendant was bound to carry the account in a reasonable time. It therefore seems to us, that this objection furnished no legal ground for arresting the judgment.

But it is said that the contract was idle and useless. This, however, does not appear, and surely it cannot be intended. On the contrary, it may be very easily imagined, that the delivery of the account to Mr. Rogers immediately, might have been very useful to the plaintiff. At all events, it seems to us that this defendant, after having contracted to carry the account, and received a

compensation for carrying it, has no right to ask us to presume that performance of the contract was of no importance to the plaintiff.

We are of opinion, that there was no legal ground for arresting the judgment, and that the order of the court below must be reversed.